1  James J. Elacqua (SBN: 187897)
   Craig Allison (SBN: 161175)
2  DEWEY BALLANTINE LLP
   1950 University Avenue, Suite 500
3  East Palo Alto, CA 94303-2225
   Telephone:  (650) 845-7000
4  Facsimile:  (650) 845-7333

5  Aldo A. Badini (*pro hac vice*)
   DEWEY BALLANTINE LLP
6  1301 Avenue of the Americas
   New York, New York  10019-6092
7  Telephone:  (212) 259-8000
   Facsimile:  (212) 259-6333

8
   Attorneys for Defendant
9  ILLUMINA, INC.

10

                    **UNITED STATES DISTRICT COURT**
11
                 **NORTHERN DISTRICT OF CALIFORNIA**
12
                      **SAN FRANCISCO DIVISION**
13

14  APPLERA CORPORATION - APPLIED        )   Case No. C 03-1048 MHP
    BIOSYSTEMS GROUP,                     )
15                                        )   **ILLUMINA, INC.'S NOTICE OF**
                        Plaintiff,        )   **RENEWED MOTION AND RENEWED**
16                                        )   **MOTION TO STAY PENDING**
             v.                           )   **ARBITRATION**
17                                        )
    ILLUMINA, INC.                        )   Hearing Date:   March 15, 2004
18                                        )   Time:           2:00 pm
                        Defendant.        )   Place:          Courtroom 15, 18th Fl.
19                                        )   Judge:          Marilyn H. Patel
                                          )
20  ILLUMINA, INC.                        )
                                          )
21                      Counterclaimant,  )
                                          )
22           v.                           )
                                          )
23  APPLERA CORPORATION - APPLIED         )
    BIOSYSTEMS GROUP,                     )
24                                        )
                        Counterdefendant. )
25                                        )

26  ///

27  ///

28

─────────────────────────────────────────────

                ILLUMINA'S RENEWED MOTION TO STAY
                    Case No. C 03-1048 MHP

                                              PA1  13523v5

**DEWEY BALLANTINE LLP**
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

1    **NOTICE OF RENEWED MOTION AND RELIEF SOUGHT**

2         Notice is hereby given to Applera Corporation - Applied Biosystems Group

3    ("Applera") and its attorneys of record that on March 15, 2004, or as soon thereafter as counsel

4    may be heard by the above-entitled Court, Defendant, Illumina, Inc. ("Illumina") will and hereby

5    does move the Court to stay this action until the pending arbitration between the same parties has

6    been completed.  This motion is based on this Notice of Renewed Motion and Renewed Motion

7    and the Memorandum of Points and Authorities and Declaration of Mark Malin filed herewith

8    and other pleadings and evidence of record in this case.

9    ///

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

In November 1999, Applera and Illumina entered into a Joint Development Agreement ("JDA") in which the parties agreed to collaborate to develop certain biotechnology products.  The JDA established various intellectual property licenses between the parties to allow the collaboration contemplated by the JDA.  On December 3, 2002, Applera served Illumina with a Notice and Demand for Arbitration, alleging that Illumina's marketing of various products and services was a breach of the JDA.  The same day, Applera filed its original patent infringement action, alleging that the same Illumina products and services infringed several of Applera's patents.  Shortly afterward, Illumina filed a state-court complaint relating to the JDA disputes in San Diego County Superior Court (the "State Action"), in which Illumina attempted to stay the arbitration.  Illumina has also brought a counterclaim in this action, alleging that Applera is attempting to monopolize the market for technology for genetic analyses.

Licensing issues are common to both the State Action and the patent and antitrust claims in this action.  One of the key issues in the State Action is whether Illumina's products and services are covered by the JDA (and are therefore covered by various licenses provided under the JDA).  Here, with respect to the claims of patent infringement, a license to the asserted patents is a defense; with respect to the antitrust claim, licensing is material to whether the patent claims are sham.

Seven months ago, Illumina asked that this proceeding be stayed until the JDA-related disputes (including licensing disputes) were resolved by the State Action, on the ground that the determination of the existence of licenses may moot Applera's patent infringement claims.  While on September 9, 2003, this Court issued an order denying Illumina's motion to stay, the Court agreed that "Illumina's [license defense] challenge is substantial and could indeed, if successful, stop these patent proceedings at their outset . . . ."  Applera Corp. v. Illumina, Inc., 282 F. Supp. 2d 1120, 1125 (N.D. Cal. 2003) ("Order") (attached to the Declaration of Mark Malin ("Malin Decl.") as Ex. A).  And although the Court declined to stay this action in favor of the State Action, the Court in essence invited a renewed motion should the

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

1   state court grant Applera's request to send the issues to arbitration:

2         The court might take a different view of the litigation/arbitration
          landscape were the arbitration going forward, since the Supreme
3         Court has shown that it strongly favors arbitration and since
          presumably arbitration proceedings would move on a faster track
4         than state court litigation. . . . *Should arbitration proceedings
          ultimately go forward, this court may be willing to impose a
5         limited stay to await the results of these proceedings.*

6   Id. at 1131 n.8.

7         This has now happened.  The state court recently ordered the parties to arbitration,

8   and the licensing issues will soon be determined in that forum.  Under the terms of the

9   Alternative Dispute Resolution exhibit attached to the JDA, a hearing on the merits of Applera's

10  claims (and Illumina's counterclaims) is to take place "[n]o later than 90 business days after

11  selection" of the arbitrator, and the arbitrator is to rule within 30 days of the hearing.  The parties

12  are currently selecting an arbitrator and expect that selection to occur shortly.  See Malin Decl.,

13  Ex. B.

14        In light of the impending arbitration, it is highly likely that licensing issues will be

15  decided first by arbitration, long before Applera's nearly one-year old patent action makes any

16  progress.  As the Court has held in its Order, resolution of the licensing issues may moot some or

17  all of the issues in this action.  Moreover, "Federal Circuit logic allows and even recommends

18  that a district court decide whether a license defense precludes an infringement claim before

19  starting down the long road of patent infringement litigation."  Applera, F. Supp. 2d at 1131.

20        This change in circumstances dramatically alters the balance in favor of the

21  Court's granting a stay, particularly since "[t]he federal arbitration act commands a heavy

22  presumption in favor of arbitration."  Id. at 1128.  Indeed, the Court noted that, in a very similar

23  set of circumstances involving an Applera arbitration clause, Judge Breyer ordered Applera to

24  arbitrate license issues in a patent case.  Id.;  Malin Decl. Ex. C.  Illumina therefore asks that the

25  Court follow the suggestion contained in its previous Order and the decision of Judge Breyer and

26  impose a stay in these proceedings until the conclusion of the arbitration.

27  ///

28

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

1   **II.     FACTS**

2       **A.     Initial Federal, State, and Arbitration Proceedings**

3               As noted above, through the JDA, Applera and Illumina agreed to collaborate to

4   develop certain biotechnology products.  The JDA contains various intellectual property licenses

5   between the parties to allow the collaboration contemplated by the JDA.  Applera's original

6   December 3, 2002, Complaint in this Court alleged patent infringement of three U.S. patents.

7   Applera dismissed the first-filed Complaint, and eventually filed and served its Amended

8   Complaint.

9               Little beyond pleading has occurred in ten months since Applera filed its

10  Amended Complaint.  On October 31, 2003, Illumina answered the Amended Complaint and

11  filed counterclaims.  Applera subsequently filed, and withdrew, a motion to dismiss the

12  counterclaims and a motion for more definite statement.  Applera has not yet substantively

13  responded to Illumina's Amended Counterclaims, choosing instead to renew its motion to

14  dismiss.  No disclosures under the Patent Local Rules have been served, and initial disclosures

15  have not been exchanged.  The only discovery that has been propounded is a single set of

16  document requests by Illumina directed at licensing issues to which Applera has not yet

17  responded.

18      **B.     Illumina's Original Motion To Stay**

19              On June 18, 2003, Illumina filed a Motion to Dismiss or, In the Alternative, to

20  Stay in this Court, seeking to stay this case while the parties were litigating contractual issues

21  relating to the same products in the San Diego Superior Court.  Illumina filed the Motion

22  because it believed (and still believes) that some or all of Applera's patent claims may be mooted

23  by the rulings of the State Court Action or from an arbitrator selected to oversee ADR between

24  the parties.

25              Although the Court acknowledged that "Illumina's challenge is substantial and

26  could indeed, if successful, stop these patent proceedings at their outset," Applera Corp. v.

27  Illumina, Inc., 282 F. Supp. 2d 1120, 1125 (N.D. Cal. 2003), on September 9, 2003, the Court

28  denied Illumina's request for a stay, id. at 1131.  Despite this denial, the Order said that,

**DEWEY BALLANTINE LLP**
**1950 University Avenue, Suite 500**
**East Palo Alto, CA 94303-2225**

"[s]hould arbitration proceedings ultimately go forward, this court may be willing to impose a limited stay to await the results of these proceedings." <u>Id</u>. at 1131 n.8. Moreover, the Court acknowledged the importance of determining the threshold license issues first when it stated that "Federal Circuit logic allows and even recommends that a district court decide whether a license defense precludes an infringement claim before starting down the long road of patent infringement litigation." <u>Id</u>. at 1131.

### C.   The Impending Arbitration

On December 18, 2003, the Superior Court judge granted Applera's petition to compel arbitration and directed the parties to arbitration. The parties have already begun the process of selecting an arbitrator. (Malin Decl. Ex. B.)

The Alternative Dispute Resolution exhibit to the JDA provides the procedure by which the arbitrator is to be selected and states that a hearing on the dispute is to take place "[n]o later than 90 business days after selection" of the arbitrator. (Malin Decl. Ex. D.) The arbitrator is to rule expeditiously on each disputed issue and "in no event more than 30 days after the close of the hearing." (<u>Id</u>. at 3, ¶ 11.) Except in certain circumstances set out in the Exhibit, "[t]he decision rendered in any such ADR will be final and not appealable . . . ." (<u>Id</u>. ¶ 12.)

Before bringing this Motion, by letter dated February 5, 2004, Illumina sought Applera's consent to stay this action pending the conclusion of the arbitration as contemplated by the Court in its September, 2003 Order. (Malin Decl. Ex. E.) Applera replied that it would agree to a stay of this action only on the condition that Illumina dismiss its antitrust counterclaims with prejudice. (Malin Decl. Ex. F.) Finding this condition unacceptable, Illumina filed this Motion.[1]

///

///

///

///

---

[1] Applera apparently does agree that some form of a stay is appropriate since it has brought a motion for a partial stay under which discovery on Applera's patent claims would go forward while discovery on Illumina's antitrust claims would be stayed.

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

**III.    ARGUMENT**

    **A.    The Key Factors Discussed by the Court in Its Order Now Strongly Favor a Stay**

The Court denied Illumina's previous motion to stay because the Court believed that "it is not clear that [the licensing question] will be decided in state court or arbitration prior to their determination in this court."  (Order at 9:20-21.)  Now that a fast-track arbitration has begun, it is almost certain that the arbitration will be finished before such issues can be resolved herein, and a stay should be granted.

In response to Applera's patent infringement allegations, Illumina raised the defense that the JDA provides various express and implied licenses to Illumina.  After reviewing the briefing and hearing argument related to Illumina's original motion to stay, the Court stated that "Illumina's [license defense] challenge is substantial and could indeed, if successful, stop these patent proceedings at their outset . . . ."  Applera, 282 F. Supp. 2d at 1125.  These license-related issues are also being arbitrated in the pending dispute over Applera's allegations of breach of the JDA.

One of the key factors relied on by the Court in denying Illumina's original motion for a stay was the fourth Colorado River factor[2] – which forum had priority in obtaining jurisdiction.  (Order at 8:15-16.)  "In determining priority, courts must take into consideration not only the filing date, but also the progress of the litigation."  (Order at 9:9-11, citing Moses H. Cone Memorial Hospital v. Mercury Const. Corp., 460 U.S. 1, 21 (1983).)[3]  Although the Court acknowledged that the State Action was further advanced (and remains further advanced), the Court discounted this progress on the ground that the State Action had been focused on the threshold issue of arbitrability and not the merits of the licensing issues.  The Court then

---

[2] The Court held that the factors laid out in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976) were applicable to the analysis of Illumina's motion for a stay.

[3] The Court held that the factor in Summa Four, Inc. v. AT&T Wireless Servs., Inc., 994 F. Supp. 575 (D. Del. 1998) – the substantial assurance of judgment first in state court – is merely "a slight variation" on the Colorado River factor discussed above, Applera, 282 F. Supp 2d at 1130, and the analysis will be the same for this factor.

1   concluded that it was uncertain which forum – state or federal – would reach the licensing issues

2   first.  (Id. at 9:15-21.)

3            This factor now weighs heavily in favor of a stay.  First, this action has remained

4   essentially at a standstill since this Court's Order issued in September 2003.  There is motion

5   practice relating to Illumina's counterclaims.  None of the disclosures under the Patent Local

6   Rules have been served; initial disclosures have not been exchanged; and no depositions have

7   taken place.  The only discovery that has been propounded is a single set of document requests

8   by Illumina relating to the licensing issues.  Applera has not yet responded to those requests nor

9   has it propounded discovery of its own.

10            By contrast, the issues relating to Illumina's license defense are now speedily

11   moving forward and will soon be resolved in arbitration.  On December 18, 2003, the San Diego

12   Superior Court granted Applera's motion to compel arbitration, and that order has not been

13   reversed by any California appellate court.  The parties are now in the process of picking an

14   arbitrator pursuant to Exhibit 2 of the JDA.  (Malin Decl. Ex. D.)  Once the arbitrator has been

15   selected, a hearing on the disputes related to the JDA (including license disputes) will be held

16   "[n]o later than 90 business days after selection."  (Malin Decl. Ex. D, at 1, ¶ 4.)  The arbitrator

17   is charged "to rule on each disputed issue after the hearing as expeditiously as possible, but in no

18   event more than 30 days after the close of the hearing."  (Id. at 3, ¶ 11.)  Thus, it is highly likely

19   that the licensing issues will be resolved in the arbitration well before they will be resolved here

20   in federal court.  Moreover, there is no reason for this Court to litigate issues that are being

21   speedily resolved in another forum.

22            Another factor that the Court held weighed against a stay in September 2003 – the

23   presence of federal question subject matter – now also favors a stay, because Illumina is asking

24   the Court to stay in favor of arbitration, not state-court litigation.  According to the Court, "[t]he

25   presence of federal question subject matter significantly narrows the circumstances in which a

26   district court may abstain from its jurisdiction."  (Applera, 282 F. Supp. 2d at 1127, referring to

27   the second Moses H. Cone factor.)  The Court stated that such "deference is expressly

28

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

1   discouraged when the alternative forum is a state court" (<u>Applera</u>, 282 F. Supp. 2d at 1129), as

2   was the case in September 2003, before Applera's motion to compel arbitration was granted.

3          The Court noted, however, that arbitration proceedings, as opposed to state-court

4   litigation, may be just the circumstance in which a stay is appropriate.  For example, the Court

5   noted that Judge Breyer granted a motion to stay in a similarly situated action brought by

6   Applera in favor of arbitration.  <u>Applera</u>, 282 F. Supp. 2d at 1128.  As the Court explained, "[t]he

7   federal arbitration act commands a heavy presumption in favor of arbitration, while the

8   principles set forth by congressional actions and Supreme Court decisions create a substantial

9   presumption against abstention in favor of pending state court proceedings."  (<u>Applera</u>, 282 F.

10  Supp. 2d at 1128-29, citing <u>Mose H. Cone</u>, 460 U.S. at 22 (noting "Congress's clear intent, in the

11  Arbitration Act, to move the parties to an arbitrable dispute out of court and into arbitration as

12  quickly and easily as possible").)  Thus, now that the Court is being asked to stay the federal

13  action in favor of arbitration rather than state-court litigation, this factor also weighs in favor of

14  the stay.

15         A stay is now appropriate under the logic of the Court as expressed in its Order.

16  There, the Court stated that it would be inclined to grant a stay should an arbitration be

17  commenced that would resolve the licensing issues expeditiously:

18         The court might take a different view of the litigation/arbitration
            landscape were the arbitration going forward, since the Supreme
19         Court has shown that it strongly favors arbitration and since
            presumably arbitration proceedings would move on a faster track
20         than state court litigation. . . . *Should arbitration proceedings*
            *ultimately go forward, this court may be willing to impose a*
21         *limited stay to await the results of these proceedings*.

22  <u>Applera</u>, 282 F. Supp. 2d at 1131 n.8.

23         Illumina agrees with the Court that, now that the arbitration is going forward, it is

24  appropriate to stay the action until the arbitration has been completed.

25  **B.     Other Factors Continue To Favor a Stay**

26         Other factors weighed by the Court in its Order continue to weigh heavily in favor

27  of a stay.  For example, the Court discussed at length the third <u>Colorado River</u> factor – the desire

28  to avoid piecemeal litigation – and decided that this factor favors a stay.  (<u>Applera</u>, 282 F. Supp.

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

2d at 1126-27.)  Nothing to diminish this finding has occurred since the Court's Order issued.  It is still the case that there is at least a "reasonable possibility" that the arbitration will moot the need for patent litigation in its entirety.  Id.  It is still true that, "[i]f [the arbitrator] were to interpret the license clause as Illumina understands it, . . . then it is indeed possible that [arbitration] would eliminate the need for federal [patent] proceedings."  Id. at 1127.  It is certainly in the interest of the Court and the parties to avoid duplicative federal litigation when arbitration may quickly resolve some, or potentially all, of the issues in the federal action.

**IV.     CONCLUSION**

For the foregoing reasons, Illumina respectfully requests that the Court grant Illumina's motion and stay this action until the results of the arbitration between Illumina and Applera have been obtained.

Dated:  February 9, 2004

Respectfully Submitted,

DEWEY BALLANTINE LLP

By         /s/        
        Craig Y. Allison

Attorneys for Defendant,
ILLUMINA, INC.

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225